JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 6195 | **DATE** | 6/19/2003 |
| **CASE TITLE** | Daniel Lawrence McGinley v. Law Office of Shapiro & Kreisman, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated in the attached memorandum opinion, Defendant's Motion for Summary Judgment [Doc. 14] is granted in its entirety. All other pending motions are moot and terminated. This case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 2 4 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 22 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| jar/lc | courtroom deputy's initials | 03 JUN 23 PM 5:10 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL LAWRENCE McGINLEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02 C 6195 |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| LAW OFFICE OF SHAPIRO & KREISMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED JUN 2 4 2003

## MEMORANDUM OPINION AND ORDER

This is a case filed pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a). Plaintiff, Daniel McGinley, alleges that Defendants failed to provide him with a notice of his rights as required by the Fair Debt Collection Practices Act. Defendant has moved for summary judgment on Plaintiff's claim. For the reasons set forth below, Defendant's motion is granted in its entirety.

## I. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Pro. 56(c); see also Schmidt v. Ottawa Medical Center, P.C., 322 F.3d 461, 463 (7th Cir. 2003). When evaluating a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party and makes all reasonable inferences in her favor. See Haywood v. Lucent Technologies, 323 F.3d 524, 529 (7th Cir. 2003).

1



It is the moving party's burden to demonstrate the absence of genuine issues of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir. 1995). If the moving party meets this burden, the non-moving party must set forth specific facts that demonstrate the existence of a genuine issue for trial. Rule 56(e); Celotex, 477 U.S. at 324. To successfully oppose the motion for summary judgment, the non-moving party cannot rest on the pleadings alone, but must designate specific facts in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue. Selan v. Kiley, 969 F.2d 560, 564 (7th Cir. 1992).

## II. Discussion

The Fair Debt Collection Practices Act, or FDCPA, was enacted to protect the rights of consumer debtors from unwarranted and unfair practices of their creditors. One of the critical components of the FDCPA is a requirement that any creditor seeking to recover a debt must send the consumer a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer disputes the validity of the debt within thirty days, the debt will be assumed to be valid; (4) a statement that if the consumer disputes the debt in writing, the debt collector will obtain verification of the debt and mail it to the consumer; and (5) a statement that the debt collector will provide the consumer with the name and address of the original creditor upon written request of the consumer.

In this case, Daniel McGinley, along with Robin McGinley executed a mortgage with Fleet Mortgage Corp. in the amount of $151,330.00 on October 30, 1998. (Def. Undisp. Mat. F, Ex. 2-B). In August 2001, Defendants began proceedings to foreclose on Plaintiff's mortgage.

Plaintiff contends that Defendants failed to provide him with the notice of his rights under the FDCPA. Defendant has provided a copy of a letter addressed to Plaintiff on August 24, 2001 which would satisfy the requirements of the FDCPA in full. (Def. Undisp. Mat. F., Ex. 2-C). Additionally, Defendant has provided an excerpt from the electronic case activity log for Plaintiff's debt which indicates that on August 24, 2001 "INTR SENT OUT VALIDATION LETTERS (SARA)." (Def. Undisp. Mat. F, Ex. 3-B). Since the only genuine issue of material fact in this case is whether Defendant sent the letter to Plaintiff, the burden then shifts back to Plaintiff to provide evidence that there is an earnest dispute about this fact.

Plaintiff has not met his burden. He presented to the Court a document styled "Plaintiff's Answer and Opposition to Defendants' Motion for Summary Judgment and Cross Motion for Summary Judgment on Liability." In this document, he presents untimely discovery objections, allegations of his attorney's ineffectiveness, and a threadbare theory that the Defendants "have used every tactic known to man to avoid having to produce the hard drive" (Pl. Ans. at 6), which Plaintiff takes to be the smoking gun. Nowhere does he present any evidence disputing Defendant's presentation. Instead, Plaintiff asserts that he "unequivocally opposes defendants' motion for summary judgment on the basis that there is a multitude of disputed facts." (Pl. Ans. at 2) Unfortunately for Plaintiff, he fails to set forth any one of the alleged multitude of disputed facts.

The alleged ineffectiveness of Plaintiff's attorney, if true, is certainly unfortunate, but it is not a grounds for denying Defendants' motion for summary judgment. See Tolliver v. Northrop Corp., 786 F.2d 316, 319 (7th Cir. 1986). Nor would the alleged discovery problems be a ground to deny Defendants' summary judgment motion. Plaintiff's challenge to defendants' discovery

3

objections is untimely and sorely out of place in his response to their summary judgment motion.

In this case, Plaintiff McGinley has only offered unsupported denials to rebut the evidence Defendants submitted in support of their summary judgment motion. In order to survive summary judgment, it is not enough for the non-moving party to rest on the pleadings. McGinley would have had to produce some evidence that would dispute Defendants evidence that they sent him the required notice of rights on August 24, 2001. Having failed to do so, Defendants are entitled to summary judgment.

### III. Conclusion

For the reasons given above, Defendants Motion for Summary Judgment is granted in its entirety.

**Enter:**

_____
David H. Coar
United States District Judge

**Dated: June 19, 2003**